**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**DONOVAN SHERILL BOURRAGE, *et al.*,**

*Defendants.*

CAUSE NO. 3:22-CR-45-CWR-ASH

**ORDER**

Defendants Orlando Bourrage and Donovan Sherill Bourrage[1] have filed motions under 28 U.S.C. § 2255. Docket Nos. 350 and 352. Those motions remain pending in part because the Court still awaits filings from Orlando's former counsel and Donovan's former counsel regarding the Bourrages' allegations that each suffered from ineffective assistance of counsel.[2] While those motions have remained pending, Orlando filed an emergency motion to grant bail, pending the outcome of his 2255 motion to vacate, then an emergency motion requesting an immediate hearing regarding his requested release on bail. Docket Nos. 351 and 359. Donovan filed nearly identical motions. Docket Nos. 353 and 358. The Court addresses the emergency motions.

With respect to the motions seeking bail, petitioners have not demonstrated a substantial likelihood of success on the merits of their 2255 motions to vacate. That failure is

[1] Because Defendants share the same last name, the Court will sometimes refer to them by their first names for the sake of clarity.

[2] The Court recently extended the time during which the Bourrages' former counsel may submit these responsive filings. *See* Text-Order dated Oct. 6, 2026. This extension of time renders the two motions requesting the issuance of show cause orders, Docket Nos. 360 and 361, moot.

fatal to their requests for bail. "Release on bail should be granted to a prisoner pending post-conviction habeas review 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *United States v. Roberts*, 250 F.3d 744 (5th Cir. 2001) (per curiam) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.1974)). The Bourrages' motions fail to raise a substantial constitutional claim upon which either petitioner has a high probability of success. This Court heard extensive evidence during the trial of this case and observed the arguments and conduct of defense counsel during the trial and at sentencing. Petitioners' motions make broad and conclusory claims of ineffective assistance of counsel and resulting prejudice without any specifics identified in support of the allegations or any demonstration of actual prejudice. This failure requires the denial of their requests for bail. Petitioners' motions seeking release on bail, Docket Nos. 351 and 353, are denied. As the Court has resolved the motions seeking bail, holding a hearing on these motions is unnecessary. Therefore, the motions requesting those hearings, Docket Nos. 358 and 359, are also denied.

**SO ORDERED**, this the 8th day of October 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE